**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TYLER TREFZGER,

Plaintiff,

1:25-cv-833
(ECC/CBF)

v.

NEW YORK STATE DEPARTMENT OF LABOR,

Defendant.

---

Tyler Trefzger, *Pro se Plaintiff*
Shawn C. Graham, Assistant Attorney General, *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Tyler Trefzger commenced this action on June 26, 2025, against Defendant New York State Department of Labor. *See* Complaint (Compl.), Dkt. No. 1. Plaintiff alleges that Defendant failed to accommodate his disability arising from two mental health disorders in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182. *See generally id.*

Presently before this Court is Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 23. The motion is fully briefed. Dkt. Nos. 23, 24. For the following reasons, Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed.

## II. FACTS[1]

Plaintiff was employed by Defendant in January 2024. *See* Compl. at 5. On January 15, 2024, Plaintiff was informed that he would have to move to another office "with no warning." *Id.* Plaintiff alleges that he suffers from two mental health disorders which qualify as a disability under the ADA, *see id.* at 2, and that moving to another office "would and has cause[d] significant damage to me and my well being." *Id.* at 5.

On January 17, 19, and 22, 2024, Plaintiff submitted medical excuses to Defendant. *Id.* On January 18, 2024, he applied for a reasonable accommodation "through DEOD" and was "approved for FMLA" (Family and Medical Leave Act). *Id.* Plaintiff alleges that he contacted his supervisor to inform her of "my situation" on January 16, 2024. *Id.* Subsequently, on January 19, 2024, Plaintiff was told that "if I didn't move my things to this new office I would face administrative action." *Id.* As a result, Plaintiff was forced to go on a medical leave of absence, used "FMLA almost everyday," and was "forced to quit from [his] position after 8 months of [Defendant] not changing [his] work location." *Id.* Plaintiff also filed a complaint with the Equal Employment Opportunity Commission (EEOC). The complaint was dismissed on April 2, 2025. *See id.* at 6–7.

## III. STANDARD OF REVIEW

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of*

---

[1] These facts are drawn from the complaint. Dkt. No. 1. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3 (N.D.N.Y. Oct. 29, 2021) (citation omitted). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true[ ] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient; rather, a plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *E.E.O.C. v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. DISCUSSION

### A. Eleventh Amendment – Sovereign Immunity

Defendant argues that it is entitled to Eleventh Amendment sovereign immunity with respect to Plaintiff's claim asserted against it. *See* Dkt. No. 23-1 at 3–4. In response, Plaintiff contends that Defendant does not enjoy Eleventh Amendment immunity because "[t]he EEOC awarded the Plaintiff the right to sue." Dkt. No. 24 at 1.

"[S]tate governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[ ]." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (cleaned up).

"'It is well settled that states retain their sovereign immunity against discrimination claims brought under Title I of the ADA.'"[2] *Quadir v. N.Y. State Dept. of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Bd. of Trus. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001)). Congress has "not validly abrogated the states' sovereign immunity for claims arising under Title I." *Yerdon v. Poitras*, 120 F.4th 1150, 1154 (2d Cir. 2024) (citing *Garrett*, 531 U.S. at 360). Furthermore, New York has never waived its sovereign immunity from liability under Title I of the ADA. *See id.*

Although Plaintiff states that the "EEOC awarded [him] the right to sue," Dkt. No. 24 at 1, "this 'boilerplate language attached to every EEOC decision' does not create a waiver of sovereign immunity." *Jain v. Brennan*, No. 1:18-cv-4446, 2019 WL 2451291, at *5 (S.D.N.Y. Apr. 25, 2019), *adopted by* 2019 WL 2992173 (Jul. 9, 2019) (quoting *Charles v. McHugh*, 613 F. App'x 330, 334 (5th Cir. 2015)). "Further, 'the EEOC does not have the authority to waive sovereign immunity through its regulations.'" *Id.* (quoting *Charles*, 613 F. App'x at 335).

---

[2] Although Plaintiff does not indicate which provision of the ADA he is bringing his suit under, allegations of employment discrimination are "clearly governed by Title I of the ADA." *See, e.g.*, *Yerdon v. Poitras*, 120 F.4th 1150, 1153 (2d Cir. 2024) (citing *Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 169–71 (2d Cir. 2013))

Because Congress has never abrogated New York's sovereign immunity from claims under the ADA, New York has never waived its sovereign immunity, and the EEOC cannot waive sovereign immunity, Plaintiff's claim is barred by the Eleventh Amendment and therefore dismissed.[3]

**B. Leave to Amend**

"'A pro se complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Gupte v. U.S. Postal Serv.*, No. 3:24-cv-907, 2024 WL 4871893, at *3 (D. Conn. Nov. 22, 2024) (quoting *Grullon v. New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (cleaned up)). "Where there is no indication that a valid claim can be stated after a liberal reading of a *pro se* plaintiff's complaint, however, the Court need not grant leave to amend." *Id.* (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.")).

In other words, when a plaintiff's claims are "substantive" and "better pleading will not cure" them such as "when claims are barred by immunity doctrines . . . .", amendment would be futile, and leave to amend need not be provided. *Gupte*, 2024 WL 4871893, at *3 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) and then citing *Harrison v. New York*, 95 F. Supp. 3d 293, 305 (E.D.N.Y. 2015) (collecting cases)).

Here, granting Plaintiff leave to amend his complaint would be futile "because any claim his Complaint may present is barred by sovereign immunity and this Court thus lacks subject matter jurisdiction to hear them." *Id.*, at *4. Therefore, Plaintiff will not be granted leave to amend

[3] Because the Court does not have subject matter jurisdiction over this claim, the Court cannot consider the merits of Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

his complaint. In addition, because the dismissal is based on a lack of subject matter jurisdiction, Plaintiff's claims are dismissed without prejudice. *See Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) (summary order) ("[B]ecause the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with prejudice rather than without prejudice.").

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, Dkt. No. 23, is **GRANTED** and the complaint is **DISMISSED without prejudice but without leave to amend**; and it is further

**ORDERED** that the Clerk shall close this case without further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 25, 2026

Elizabeth C. Coombe
U.S. District Judge